**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELMER HERNANDEZ, | Case No. 2:26-cv-01212-APG-EJY |
| Petitioner | **Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition** |
| v. | |
| CHIEF COUNSEL FOR THE DISTRICT OF NEVADA, et al., | [ECF Nos. 1, 1-1] |
| Respondents. | |

Petitioner Elmer Hernandez, an immigration detainee who is challenging his ongoing federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 and a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition. However, I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

I THEREFORE ORDER that the motion to proceed IFP (ECF No. 1) is granted.

I FURTHER ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

represent Petitioner, alternate counsel will be appointed.  Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  If the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition or (2) a motion to dismiss the petition.  The FPD shall effectuate service of the amended petition, if one is filed, on Respondents.

I FURTHER KINDLY ORDER that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1).  The petition (ECF No. 1-1) is deferred.

2. **ADD** the USAO to the docket as an Interested Party.  Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.  The USAO is not required to file a response to the petition at this time.

3. **SEND** a copy of the petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

4. **ADD** John Mattos, Warden, Nevada Southern Detention Center to the docket as an Interested Party.

5. **MAIL** a copy of the petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

6. **SEND** a copy of the petition (ECF No. 1-1) and this Order to Ashley Hesman (Mattos's counsel) at ahesman@strucklove.com.

I FURTHER ORDER that the respondents shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the Court.[2] In the event of lawful deportation, Respondents' counsel must file a notice with the Court within 7 days from deportation.

Dated: April 22, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").